CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 16 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 1:13CR00027 |
| MICHAEL LEE FULLMORE | : | Violations: 18 U.S.C. § 922(a)(5) |
| | : | 18 U.S.C. § 922(d)(1) |
| | : | 18 U.S.C. § 922(e) |
| | : | 18 U.S.C. § 922(k) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about October 5, 2012, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE knowingly disposed of a firearm to a person knowing or having reasonable cause to believe that such person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

2. All in violation of Title 18, United States Code, Sections 922(d)(1) & 924(a)(2).

### COUNT TWO

The Grand Jury charges that:

1. On or about November 29, 2012, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE knowingly disposed of a firearm to a person knowing or having reasonable cause to believe that such person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

2. All in violation of Title 18, United States Code, Sections 922(d)(1) & 924(a)(2).

### COUNT THREE

The Grand Jury charges that:

1. On or about October 5, 2012, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE, who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, willfully transferred a firearm to a person who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowing or having reasonable cause to believe that the person did not reside in the state in which MICHAEL LEE FULLMORE resided.

2. The transfer set forth above was not made to carry out a bequest of a firearm to, or an acquisition by intestate succession of a firearm by, a person who was permitted to acquire or possess firearms under the laws of the state of his residence.

3. The transfer set forth above was not a loan or rental of a firearm to a person for temporary use for lawful sporting purposes.

4. All in violation of Title 18, United States Code, Sections 922(a)(5) & 924(a)(1)(D).

## COUNT FOUR

The Grand Jury charges that:

1. On or about November 29, 2012, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE, who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, willfully transferred a firearm to a person who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowing or having reasonable cause to believe that the person did not reside in the state in which MICHAEL LEE FULLMORE resided.

2. The transfer set forth above was not made to carry out a bequest of a firearm to, or an acquisition by intestate succession of a firearm by, a person who was permitted to acquire or possess firearms under the laws of the state of his residence.

3. The transfer set forth above was not a loan or rental of a firearm to a person for temporary use for lawful sporting purposes.

4. All in violation of Title 18, United States Code, Sections 922(a)(5) & 924(a)(1)(D).

## COUNT FIVE

The Grand Jury charges that:

1. On or about and between November 27, 2012, and November 29, 2012, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE knowingly and willfully caused to be delivered to any common or contract carrier for shipment in interstate commerce to a person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, a package or other container in which there was a firearm without written notice to the carrier that such firearm was being transported.

2. All in violation of Title 18, United States Code, Sections 922(e) & 924(a)(1)(D).

## COUNT SIX

The Grand Jury charges that:

1. On or about and between November 27, 2012, and November 29, 2012, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE knowingly shipped in interstate commerce a firearm which had the importer's or manufacturer's serial number removed, obliterated and altered.

2. All in violation of Title 18, United States Code, Sections 922(k) & 924(a)(1)(B).

## COUNT SEVEN

The Grand Jury charges that:

1. On or about February 8, 2013, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE, who was not a licensed importer, licensed manufacturer, licensed

dealer, or licensed collector, willfully transferred a firearm to a person who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowing or having reasonable cause to believe that the person did not reside in the state in which MICHAEL LEE FULLMORE resided.

2. The transfer set forth above was not made to carry out a bequest of a firearm to, or an acquisition by intestate succession of a firearm by, a person who was permitted to acquire or possess firearms under the laws of the state of his residence.

3. The transfer set forth above was not a loan or rental of a firearm to a person for temporary use for lawful sporting purposes.

4. All in violation of Title 18, United States Code, Sections 922(a)(5) & 924(a)(1)(D).

## COUNT EIGHT

The Grand Jury charges that:

1. On or about February 8, 2013, in the Western District of Virginia and elsewhere, MICHAEL LEE FULLMORE knowingly and intentionally distributed marihuana, a Schedule I controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

A TRUE BILL, this 16th day of July, 2013.

*/s/ Timothy J. Heaphy*
TIMOTHY J. HEAPHY
United States Attorney

by 7R

*/s/ Grand Jury Foreperson*
Grand Jury Foreperson

4
USAO#2012R00572

Case 1:13-cr-00027-JPJ-PMS   Document 6   Filed 07/16/13   Page 4 of 4   Pageid#: 13